**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **VALENTIN MUNIZ-SAAVEDRA**<br>**REG. # 51312-379** | **:** | **DOCKET NO. 2:23-CV-00403**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **F. MARTINEZ, WARDEN** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Valentin Muniz-Saavedra on March 29, 2023. Doc. 1. Muniz-Saavedra is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). The Warden filed his response on August 4, 2023 (doc. 9). The petitioner filed a reply on August 21, 2023 (doc. 11), and the Warden responded to same on November 13, 2023 (doc. 13). The matter is ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.
## BACKGROUND

Valentin Muniz-Saavedra ("Petitioner") filed a petition for writ of habeas corpus claiming that the BOP will not apply credits he has earned under the First Step Act (FSA) towards early transfer to supervised release (early release) due to an immigration detainer. Doc. 1, p. 4. He

argues that BOP policy precluding inmates with immigration detainers from applying these credits is unlawful. *Id*.

The Warden's response and the documents attached as exhibits thereto establish that Petitioner's projected release date is July 31, 2027. *See* Public Information, attached to the Declaration of Tamala Robinson (Robinson Decl.), doc. 9, att. 2, p. 1; *see also* Inmate Locator (www.bop.gov). However, while in BOP custody, Petitioner has earned a total of 750 FSA Time Credits (one credit equals one day). *See* FSA Time Credit Assessment, doc. 9, att. 3, p. 1. Furthermore, Petitioner is currently projected to be eligible to apply these credits. *See id*. Of the 750 FSA Time Credits, the BOP has provisionally allocated 365 credits, the maximum it is authorized, to be applied to early transfer to supervised release (early release). *See id*. This provisional allocation has resulted in a projected release date of July 31, 2027. *See* doc. 9, att. 2, p. 3. Accordingly, the respondent contends that Petitioner has been granted the relief he seeks and, accordingly, his petition is moot.

In his reply, Petitioner asks this Court to order his immediate release to home confinement and supervised release, as he has earned 1574 program days and 385 days towards reentry residential center and/or home confinement. Doc. 11, pp. 6, 9.

## II.
## LAW & ANALYSIS

For relief to be granted under 28 U.S.C. § 2241, the petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2244(c)(3). It is well settled that "[a] necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing

28 U.S.C. § 2241). The respondent argues, and this Court agrees, that Petitioner has not demonstrated that his ongoing confinement violates U.S. law.

First, the argument put forth in the original petition, that the BOP will not apply FSA Time Credits to grant him an early release because of an immigration detainer, is without merit as the BOP records establish that the credits have been applied and his projected release date has been advanced by 365 days.

Moreover, the Court lacks jurisdiction to review Petitioner's designation to FCIO, rather than to community confinement. In determining when an inmate may bring a claim via a writ of habeas, as opposed to filing a civil rights lawsuit, "the instructive principle" is that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought [as civil rights actions]." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). The United States Fifth Circuit Court of Appeals has previously clarified that where the inmate's challenge "affects the timing of his release from custody," it should be brought under habeas. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). However, "[i]f a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a [civil rights action]." *Id.* Here, the respondent is correct in his contention that the relief sought by Petitioner would change the location of his confinement but would not accelerate the completion of his custodial sentence.

An inmate has no protectable liberty interest in his custodial classification, or in being housed at a particular facility or custody level. *See Olim v. Wakinekona,* 461 U.S. 238, 250-51 (1983). The United States Constitution does not guarantee an inmate will be placed in a prison facility with any particular security classification. *See Meachum v. Fano*, 427 U.S. 215 (1976). The "decision to assign the [inmate] to a particular institution is not subject to audit under the Due

Process Clause, although the degree of confinement in one prison may be quite different from that in another." *Id.* at 224. "As long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). "[I]t is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status.'" *McCord v. Maggie*, 910 F.2d 1248, 1250 (5th Cir. 1990), citing *Wilkerson v. Maggio,* 703 F.2d 909, 911 (5th Cir. 1983).

Congress has also acted to preclude judicial review of BOP's classification and designation decisions, including transfers to community confinement under 18 U.S.C. §§ 3621 and 3624: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b)(5). Indeed, "the provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625 (referring to sections 3621 through 3626). For this reason, BOP's determinations under sections 3621 and 3624 are not subject to review by the Court. *See e.g. Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000)(applying section 3625 to preclude judicial review of 3621(e) decision). The Court lacks jurisdiction to review where petitioner will serve out the duration of his sentence, and for this reason this challenge should be dismissed.

## III.
## CONCLUSION

For the reasons stated above, the instant petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 8th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE